747 So.2d 415 (1999)
Charles R. ABELE, Jr., Holly Jackson Abele, John Ralph and Fran Ralph, individually and on behalf of Broward International Commerce Center, Inc., Appellants,
v.
Delores SAWYER, David Sawyer, Quality Concrete & Rental, Inc., Marvin Danto, James Danto, and Broward International Commerce Park, L.P., Appellees.
No. 99-0947.
District Court of Appeal of Florida, Fourth District.
November 24, 1999.
Rehearing Denied January 6, 2000.
*416 Humberto H. Ocariz and Joseph A. DeMaria of Tew Cardenas Rebak Kellogg Lehman DeMaria & Tague, L.L.P., for appellants.
Linda A. Conahan and Ann M. Burke of English, McCaughan & O'Bryan, P.A., Fort Lauderdale, for Appellees-Marvin Danto, James Danto and Broward International Commerce Park, L.P.
Mimi L. Sall and Bradford Swing of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, cocounsel for Appellee-Broward International Commerce Park, L.P.
WARNER, C.J.
In this companion case to Abele v. Sawyer, 750 So.2d 70 (Fla. 4th DCA 1999) ("Abele I") (issued October 20, 1999), appellants, referred to collectively as the Abele Group, claim that the trial court erred in dismissing its complaint against Broward International Commerce Park, L.P. ("Commerce Park") which alleged theories of constructive trust and tortious interference. We hold that the complaint stated a cause of action as to tortious interference but did not state a claim for constructive trust.
The facts of this case are fully set forth in Abele I. The Dantos, appellees in Abele I, also the appellee in the instant appeal, owned Commerce Park. The property owned by the Abele Group and their corporation, Broward International Commerce Center ("BICC"), was transferred to Commerce Park according to the allegations of the complaint. In count one of the complaint, the Abele Group sought to impose a constructive trust on the property transferred from BICC to Commerce Park. The trial court dismissed this count of the complaint.
In Abele I, we summarized the elements of a constructive trust:
[a] constructive trust is imposed by operation of law as an equitable remedy in a situation where there is a wrongful taking of the property of another. See Finkelstein v. Southeast Bank, N.A., 490 So.2d 976, 984 (Fla. 4th DCA 1986). The necessary elements for imposition of a constructive trust are: (1) a promise, express or implied; (2) a transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment. See Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022, 1024 (Fla. 4th DCA 1996).
Id. In the instant case, the complaint alleges that the Dantos, acting on behalf of Commerce Park, agreed with BICC and its shareholders and developers to construct all buildings of the BICC project and to sell the project to Commerce Park only after the construction of all of the buildings on the parcels. The complaint also alleges the existence of confidential *417 and fiduciary relationships based on a series of agreements and promises made by the Sawyers and one of their corporations. "A fiduciary relationship under Florida law is a legally imposed relationship which will be found to exist where a relation of trust and confidence exists between the parties, that is, where confidence is reposed by one party and a trust accepted by the other." Inversiones Inmobiliarias Internacionales de Orlando Sociedad Anomina v. Barnett Bank of Cent. Florida, N.A., 584 So.2d 110, 111 (Fla. 5th DCA 1991) (citation omitted). No fiduciary relationship was alleged between Commerce Park and the Abele Group. Similarly, no transfer occurred from the Abele Group to Commerce Park, and no promises were made between Commerce Park or the Dantos and the Abele Group. Thus, the necessary elements of a constructive trust were not pled as between Commerce Park and the Abele Group, and the trial court properly dismissed this claim.[1]
With respect to the count for tortious interference, we reverse for the same reasons as set forth in Abele I.
Affirmed in part; reversed in part.
STONE, J., and COX, CYNTHIA L., Associate Judge, concur.
NOTES
[1] While these elements may have existed as between Commerce Park and BICC, this appeal concerns an action brought by the Abele Group in its individual capacity, not on behalf of BICC through a derivative action.